631 A.2d 550

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JOHN SEYMOUR REESE, JR., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 12, 1993—Decided August 19, 1993.

Before Judges HAVEY, STERN and BROCHIN.

*Jacqueline E. Turner,* Assistant Deputy Public Defender, argued the cause for appellant (*Zulima V. Farber,* Public Defender, attorney; *Ms. Turner,* of counsel and on the brief).

*Nancy A. Hulett,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General, attorney; *Ms. Hulett,* of counsel and on the brief).

The opinion of the court was delivered by

STERN, J.A.D.

Tried to a jury at the guilt phase of a capital prosecution, defendant was found guilty of capital murder, *N.J.S.A.* 2C:11–3a(1), (2) (count one), felony murder, *N.J.S.A.* 2C:11–3a(3) (count two), second and third degree aggravated assault, *N.J.S.A.* 2C:12–

1b(1) and (2) (counts three and four), kidnapping, *N.J.S.A.* 2C:13–1b (count five), criminal restraint, *N.J.S.A.* 2C:13–2a (count six), aggravated sexual assault, *N.J.S.A.* 2C:14–2a(3) and (6) (counts seven and eight), burglary, *N.J.S.A.* 2C:18–2 (count nine), hindering apprehension, *N.J.S.A.* 2C:29–3b(1) (count ten), and possession of a hammer for unlawful purposes, *N.J.S.A.* 2C:39–4d (count eleven). At the penalty phase, the jury could not "unanimously agree on punishment," and the defendant was subsequently sentenced to life imprisonment with thirty years before parole eligibility for the murder embodied in count one, to a consecutive twenty years in the custody of the Commissioner of Corrections with ten years to be served before parole eligibility for the aggravated sexual assault embodied in count eight and, after merger of some counts, to concurrent sentences on the remaining convictions. Among the concurrent sentences was a twenty-five year commitment for the kidnapping embodied in count five into which the conviction on count six for criminal restraint was merged. The aggregate sentence imposed was life plus twenty years with forty years before parole eligibility.

On this appeal defendant argues:

POINT I  THE JUDGE ERRED IN PRECLUDING THE JURY FROM CONSIDERING A MANSLAUGHTER VERDICT BY INSTRUCTING THEM THAT THEY COULD CONSIDER SUCH A VERDICT ONLY IF THEY ACQUITTED THE DEFENDANT OF MURDER.

POINT II  THE TRIAL JUDGE ERRED IN FAILING TO DEFINE CAUSATION TO THE JURY IN HIS CHARGE ON FELONY MURDER. (Not Raised Below).

POINT III  THE TRIAL JUDGE ERRED IN FAILING TO INSTRUCT THE JURY ON THE DEFENSE OF INTOXICATION. (Not Raised Below).

POINT IV  THE TRIAL JUDGE ERRED IN HOLDING THAT THE DEFENDANT WOULD WAIVE HIS FIFTH AMENDMENT RIGHT TO SILENCE IF HE TOOK THE STAND IN HIS *MIRANDA* HEARING.

POINT V  THE ORAL AND WRITTEN CONFESSIONS OF JOHN REESE WERE OBTAINED AFTER HIS INVOCATION OF HIS RIGHT TO COUNSEL AND SHOULD, THEREFORE, BE SUPPRESSED.

POINT VI  THE TRIAL JUDGE'S ERRONEOUS REFUSAL TO EXCUSE VENIREPERSONS FOR CAUSE DEPRIVED DEFENDANT OF HIS RIGHTS UNDER THE FEDERAL AND STATE CONSTITUTIONS.

POINT VII THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO *VOIR DIRE* THE JURY PANEL AFTER SEVERAL EMOTIONAL OUTBURSTS FROM JURORS.

POINT VIII THE TRIAL JUDGE ERRED IN ADMITTING TESTIMONY OF THE DEFENDANT'S PRIOR SEXUAL CONDUCT AS WELL AS HIS VIEWING OF MUSIC VIDEOS, IN VIOLATION OF *N.J.EVID.R.* 1 AND *EVID.R.* 4.

POINT IX THE COURT ABUSED ITS DISCRETION AND DEPRIVED DEFENDANT OF DUE PROCESS OF LAW BY ADMITTING EXPERT TESTIMONY BASED ON PROCEDURE OF UNPROVED RELIABILITY AND SPECULATION.

POINT X THE TRIAL JUDGE'S REFUSAL TO ALLOW DEFENDANT TO PRESENT EXCULPATORY EVIDENCE VIOLATED DEFENDANT'S RIGHT TO PRESENT A DEFENSE AND HIS DUE PROCESS RIGHT TO A FAIR TRIAL BY A JURY.

POINT XI THE TRIAL JUDGE ERRED IN FAILING TO DISMISS THE KIDNAPPING CHARGE AT THE END OF THE STATE'S CASE.

POINT XII THE DEFENDANT'S SENTENCE IS EXCESSIVE.

[At the request of the Appellate Division, the facts of the case are omitted from publication. The proofs at trial revealed that defendant entered the victim's apartment, and committed various crimes including aggravated sexual assault. Defendant then killed the victim. Defendant claimed the victim became violent and threatened him when he discontinued consensual sex with her].

## I.

Defendant contends that the trial judge's charge to the jury on purposeful or knowing murder and passion/provocation manslaughter were contradictory and confusing. He maintains that the effect of the charge as a whole, in conjunction with the verdict sheet, precluded the jury from considering a passion/provocation manslaughter verdict unless it first acquitted defendant of purposeful or knowing murder.

The verdict sheet stated in pertinent part:

COUNT 1

A. Purposely caused death

          Guilty ___ Not Guilty ___

B. Knowingly caused death

          Guilty ___ Not Guilty ___

If guilty of A and/or B above, go to C and then to Count 2.

If not guilty of <u>both</u> A and B, go to D <u>and</u> E.

    C.   Purposely and/or knowingly caused death by own conduct.

                                    Guilty \_\_\_ Not Guilty \_\_\_

    D.   Purposely caused serious bodily injury resulting in death.

                                      Guilty \_\_\_ Not Guilty \_\_\_

    E.   Knowingly caused serious bodily injury resulting in death.

                                      Guilty \_\_\_ Not Guilty \_\_\_

If guilty of D and/or E above, go to Count 2.

*If not guilty of both D and E above, go to F.*

    F.   Passion/Provocation

Manslaughter

                                      Guilty \_\_\_ Not Guilty \_\_\_

(Emphasis added where underscored and italics.)

Defense counsel objected to the verdict sheet prior to the charge because it precluded the jury from considering a passion/provocation manslaughter verdict unless it first found defendant not guilty of purposely or knowingly causing death or serious bodily injury resulting in death. One of defendant's attorneys claimed that the form was "misleading" and, in essence, noted that there was no reference on the sheet to the fact that the State would have to prove defendant did not act in the heat of passion based upon a reasonable provocation in order to find defendant guilty of murder. The judge overruled the objection because he felt counsel was reading the form "without referring to the jury instructions" and because he intended to instruct the jury that the State had the burden of proving beyond a reasonable doubt not only that defendant purposely or knowingly caused death or serious bodily injury resulting in death, but also that defendant did so without acting in the heat of passion based upon a reasonable provocation. The judge reasoned that if the jury found defendant guilty of murder, "the State has proven the elements of murder and disproven passion, provocation manslaughter and there is no need to go to F."

In his instructions to the jury the judge defined murder and explained the elements. He instructed the jury that "a homicide which would otherwise be murder is manslaughter when the killing is committed in the heat of passion resulting from a reasonable provocation." After instructing the jury on the elements of passion/provocation manslaughter, the judge stated:

If you are not satisfied beyond a reasonable doubt that the State has proven that the defendant did, in fact, cause the death of the victim, or that the defendant acted purposely or knowingly, then you must find the defendant not guilty of murder. If you are satisfied beyond a reasonable doubt that the defendant knowingly or purposely caused the victim's death but you have a reasonable doubt as to whether the defendant did so in the heat of passion upon reasonable provocation, then you must find the defendant guilty of manslaughter. If you are convinced beyond a reasonable doubt that the defendant knowingly or purposely caused death or serious bodily injury resulting in death without acting in the heat of passion upon reasonable provocation, then you must find the defendant guilty of murder.

The judge then instructed the jury that "defendant may be convicted of murder either when he purposely or knowingly causes death or when he purposely or knowingly causes serious bodily injury resulting in death." After explaining the difference between these concepts and the meaning of the term "by his own conduct," the judge stated:

Now, if we can for a moment, before I finish with that particular charge, look at the jury verdict form and you will see that the first determination which you must consider is whether the defendant purposely or knowingly that's A and, B, caused the death of the victim. Now if you enter a finding of guilty of either A and/or B, you are then to go to C below and decide whether the defendant purposely and/or knowingly caused the death by his own conduct and after you do that, then he [sic] would move onto count two.

On the other hand, if you are not convinced beyond a reasonable doubt as to A or B and the finding is not guilty to both A and B, therefore, you are then required to go to D and E and decide whether the defendant purposely caused serious bodily injury resulting in the death of the defendant (sic.) or under E, knowingly caused serious bodily injury resulting in the death of the defendant (sic.).

Now, if you make a determination of guilt under either D or E or both, you are then to go on to count two. On the other hand, if the finding is not guilty of both D and E above, then you are to go to F which is passion provocation manslaughter.

Now, I remind you that this verdict form is not the jury charge and I remind you further that in order for you to find the defendant guilty under A and/or B or D and/or E, that is purposely or knowingly causing death or purposely or knowingly causing serious bodily injury resulting in death, *the State must convince you beyond a reasonable doubt not only that the defendant purposely or knowingly*

*caused death or serious bodily injury resulting in death but also that when the defendant so committed such conduct, that the defendant did so without acting in the heat of passion upon reasonable provocation.*

So, with respect to A, B, D and E, the State must convince you beyond a reasonable doubt that the elements of the offense [sic] and additionally must convince you that passion, provocation manslaughter is not present in the case. The State has to do that, as I said, beyond a reasonable doubt. (Emphasis added).

The judge also advised the jury that the verdict sheet did not set forth "the elements of the offenses." Following the charge, one of the defense counsel renewed his objection to the verdict sheet, characterizing it as "still misleading." However, he did not object to the judge's instructions on the elements of murder or passion/provocation manslaughter. The judge thereafter further charged the jury:

This jury verdict form again I remind you only itemizes the offenses which you must decide, it itemizes the issues you must decide. It's not in any way intended to indicate the elements of any particular offense that was given to you in my instructions.

If there is any question in your mind as you go through these offenses as to what elements are to be considered by you, that is what elements must be proven by the State beyond a reasonable doubt, then write me a note, come back in here and I will repeat whatever you need again so there is no question about it.

■ It is now well settled that whenever there is evidence that a homicide was committed in the heat of passion, "the State can obtain a murder conviction only if it proves beyond a reasonable doubt that the purposeful killing was not the product of passion/provocation." *State v. Coyle,* 119 *N.J.* 194, 221, 574 *A.*2d 951 (1990). "If there is sufficient evidence of passion/provocation, a trial court must instruct the jury that 'to find murder it must be convinced beyond a reasonable doubt that the accused did not kill in the heat of passion.'" *Id.* at 221–22, 574 *A.*2d 951 (quoting *State v. Grunow,* 102 *N.J.* 133, 145, 506 *A.*2d 708 (1986)); *see also State v. Wilson,* 128 *N.J.* 233, 238–40, 607 *A.*2d 1289 (1992); *State v. Powell,* 84 *N.J.* 305, 315, 419 *A.*2d 406 (1980); *State v. Vigilante,* 257 *N.J.Super.* 296, 298–99, 608 *A.*2d 425 (App.Div.1992); *State v. McClain,* 248 *N.J.Super.* 409, 416, 591 *A.*2d 652 (App.Div.), *certif. denied,* 126 *N.J.* 341, 598 *A.*2d 897 (1991). Defendant argues that his murder conviction must be reversed in light of *State v. Coyle,*

*supra*, where the judge's murder instructions did not "refer to the State's burden of disproving passion/provocation beyond a reasonable doubt." 119 *N.J.* at 222, 574 *A.*2d 951. The Supreme Court concluded that the later charge on passion/provocation manslaughter, wherein the trial court explained that the State must prove beyond a reasonable doubt that the killing was not done in the heat of passion resulting from reasonable provocation, was insufficient to cure the initial charge on murder. The Court was convinced that the instructions "had the potential to foreclose jury consideration of whether passion/provocation should reduce an otherwise purposeful killing from murder to manslaughter." *Ibid.* The Court noted the unique issue which flows from sequential charges in passion/provocation cases, although such charges otherwise generally "provide a framework for orderly deliberations," *id.* at 223, 574 *A.*2d 951, and concluded that a sequential charge coupled with an instruction that inadequately defines the elements of murder "can mislead the jury." *Id.* at 224, 574 *A.*2d 951. Thus, the Court "suggest[ed]" that trial judges should "instruct jurors in the initial charge on murder about the effect of passion/provocation on an otherwise-intentional killing." *Ibid.*

This case differs from *Coyle* in that the judge's instructions on passion/provocation manslaughter were encompassed within the charge on murder. The judge properly instructed the jury that it must find defendant guilty of manslaughter if it was satisfied beyond a reasonable doubt that defendant knowingly or purposely caused the victim's death but had a reasonable doubt as to whether defendant did so in the heat of passion upon reasonable provocation. Unlike the situation in *Coyle,* the judge here did not suggest that the jury should consider passion/provocation manslaughter only if it determined that the State failed to prove beyond a reasonable doubt the purposeful or knowing murder. Rather, the judge instructed the jury that in order to find defendant guilty of murder, the State was required to prove beyond a reasonable doubt not only that defendant purposely or knowingly caused death or serious bodily injury resulting in death, but also that defendant did so without acting in the heat of passion

upon reasonable provocation. Moreover, this was stated both before and after the judge advised the jury that the verdict sheet *did not embody the elements of the offense.*

Defendant also relies on *State v. Erazo,* 126 *N.J.* 112, 594 *A.*2d 232 (1991), where the Supreme Court reversed a defendant's murder conviction because the trial judge's charge to the jury on manslaughter "impermissibly shifted to defendant the burden of proving passion/provocation." *Id.* at 117, 121, 594 *A.*2d 232. The error was "aggravated" by the judge's "instruction that the jury should first consider whether defendant was guilty of murder and that if it acquitted defendant of that offense, it should then consider the manslaughter charge." *Id.* at 125, 594 *A.*2d 232. The Court noted that this portion of the charge "may have foreclosed the jury from considering passion/provocation during its deliberations on the murder count." *Ibid.* Moreover, the charge erroneously indicated that the jury "could find passion/provocation manslaughter only if it first acquitted defendant of knowing or purposeful murder." *Ibid.* In reversing, the Supreme Court directed that if, on retrial, the trial court decided to give a sequential charge, "it should make clear both that the absence of passion/provocation is an element of murder on which the State bears the burden of proof and that the jury may convict defendant only of manslaughter when the homicide would have been murder but for the existence of passion/provocation." *Id.* at 126, 594 *A.*2d 232. This case is distinguishable from *Erazo* because here the trial judge properly and clearly instructed the jury that in order to obtain a conviction of purposeful or knowing murder, the State bore the burden of proving beyond a reasonable doubt the absence of passion/provocation.

Unlike the Supreme Court precedent involving the reversal of murder convictions following sequential charges regarding the consideration of homicide offenses, here the oral instructions to the jury were correct. *See also State v. Vasquez,* 265 *N.J.Super.* 528, 628 A.2d 346 (App.Div.1993) (conviction affirmed where jury was instructed on State's burden of proving homicide not in heat

of passion upon reasonable provocation during charge on murder); *State v. Johnston,* 257 *N.J.Super.* 178, 198–201, 608 *A.2d* 364 (App.Div.) (no error in charge), *certif denied,* 130 *N.J.* 596, 617 *A.*2d 1219 (1992); *State v. Vigilante, supra,* 257 *N.J.Super.* at 299, 608 *A.*2d 425 (error where necessary instruction on absence of passion/provocation not charged as element of murder); *State v. Bishop,* 247 *N.J.Super.* 382, 390–91, 589 *A.*2d 625 (App.Div.1991) (reversal where murder charge did not include absence of passion/provocation). Here the claim of error stems exclusively from the verdict sheet, where the written instructions on their face seem to suggest that passion/provocation manslaughter was to be considered only if defendant was acquitted of purposely or knowingly causing death (A and B) and purposely or knowingly causing serious bodily injury resulting in death (D and E). The verdict form should have listed the offenses for consideration, as recommended on the forms contained in the *Trial Judges Bench Manual for Capital Cases,* Appendix G, without any directions as to sequence of consideration. Nevertheless, the jury was clearly aware from the oral instructions that defendant could not have been convicted of capital murder (A and B) or non-capital murder (D and E) unless the State proved beyond a reasonable doubt that the killing did not occur in the heat of passion with reasonable provocation. In context, therefore, and particularly given the colloquy concerning defendant's objections to the verdict sheet and the oral instructions concerning them, we are satisfied that the judge intended to focus the jury's attention on the verdict sheet for the *recordation* of its verdict, not for the *sequence of its deliberations* or the elements of the offense, and we are further satisfied that the jury so understood the verdict sheet. Stated differently, the jury understood from the oral instructions concerning the elements and the verdict sheet that it could find defendant guilty of murder only if he did not kill in the heat of passion and that it was to return a verdict of "passion/provocation manslaughter" (F) if the State did not disprove, beyond a reasonable doubt, that the homicide was committed in the heat of passion upon reasonable provocation.

· Because the jury had to focus on the question of purposeful or knowing conduct to consider either murder or passion/provocation manslaughter, the verdict sheet did not have to list the latter first, and the verdict sheet did not have to contain a sequential instruction that it had to find the absence of passion/provocation before considering murder.

In *State v. Reed*, 249 *N.J.Super.* 41, 592 *A.*2d 4 (App.Div.1991), *aff'd in part, rev'd in part*, 133 *N.J.* 237, 627 *A.*2d 630 (1993), we reversed a murder conviction because defendant was prejudiced by the jury verdict sheet. 249 *N.J.Super.* at 50–51, 592 *A.*2d 4. Passion/provocation and simple manslaughter were charged to the jury. However, there the form included no verdict for passion/provocation manslaughter, and "[t]he only manslaughter offenses to which the verdict sheet referred" were the "lesser included" offenses of aggravated manslaughter and manslaughter. *Id.* at 50, 592 *A.*2d 4. Moreover, the instructions and verdict sheet directed the jurors to consider manslaughter "only if they found defendant not guilty of" purposeful and knowing murder and aggravated manslaughter. *Ibid.* We therefore concluded that "[t]he effect of the erroneous form of the verdict sheet was to prevent the jury from considering whether the defendant was guilty of passion/provocation manslaughter." *Ibid.*

The Supreme Court did not pass upon the issue concerning the verdict sheet in *Reed.* It denied the State's cross-petition for certification while granting the defendant's petition, 127 *N.J.* 552, 606 *A.*2d 365 (1992), and, while disagreeing with us on the issue advanced by defendant concerning the admissibility of his confession, the Supreme Court affirmed our judgment reversing the murder conviction. 133 *N.J.* 237, 269–270, 627 A.2d 630, 647.

This case differs from *Reed* in that here the verdict sheet included passion/provocation manslaughter. Moreover, immediately *after* reviewing the verdict sheet with the jury, the judge again instructed that "this verdict form is not the jury charge" and that in order to obtain a conviction of purposeful or knowing murder, the State had the burden of proving beyond a reasonable

doubt not only that defendant purposely or knowingly caused death or serious bodily injury resulting in death, but also that defendant did so without acting in the heat of passion upon reasonable provocation. *See also State v. Vasquez, supra,* 265 *N.J.Super.* at 544–545, 628 *A.2d* at 354–355 (where the verdict form improperly omitted any reference to passion/provocation manslaughter, but conviction was affirmed because "both counsel agreed to use merely one category—second-degree manslaughter—to encompass" both reckless and passion/provocation manslaughter).

If there is any doubt about our conclusion that the verdict sheet does not mandate reversal, it is resolved by the fact that the judge's oral instructions as to the elements of the crimes were submitted to the jury in writing and available in the jury room during the deliberations. The jury deliberated from 12:04 p.m. until just after 4:00 p.m. on August 10, 1989. At 10:23 a.m. on August 11, 1989, the judge discussed with counsel the jury's written request for "a copy ... of the explanation of charges ... strictly for use for defining the charges." It was agreed the judge would "give them one copy [of his instructions] unless they ask for more." He apparently did so. *See R.* 1:8–8. There were subsequent unrelated proceedings at 4:30 followed by a recess before the verdict was taken sometime thereafter. Our concerns relating to the impact of the wording of the verdict sheet which was in the hands of the deliberating jury is thus dissipated by the fact that the judge's instructions as to the law were also reduced to writing and in the jury room for a substantial part of the deliberations. We therefore reject defendant's contention that his murder conviction must be reversed.

In light of our disposition, we need not consider the State's argument that any lack of precision in the verdict sheet was harmless because there was insufficient evidence of passion/provocation to warrant a charge thereon in any event. *See State v. McClain, supra,* 248 *N.J.Super.* at 416, 591 *A.2d* 652 (failure to charge jury that State had burden of proving beyond a reasonable

doubt that defendant did not act in the heat of passion was harmless because the evidence did not support a charge on passion/provocation manslaughter). Moreover, our conclusion on count one renders moot the contention that plain error was committed because the trial judge failed to instruct the jury with respect to the causation required to prove felony murder. *See State v. Martin,* 119 *N.J.* 2, 25–34, 573 *A.*2d 1359 (1990). We are satisfied that, even assuming error in the felony murder charge, the error had no impact on the conviction for purposeful or knowing murder.

[At the request of the court, Points II—VIII are omitted from publication.]

The judgment of conviction and sentences are affirmed.